[Cite as *Dulka v. Ohio Dept. of Transp.*, 2011-Ohio-4797.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

EDWARD DULKA

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2011-02930-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1}   1) Plaintiff, Edward Dulka, filed a complaint against defendant, Department of Transportation (ODOT), alleging that he suffered tire and rim damage to his 2011 Impala as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on Brook Park road.  Plaintiff stated he could not avoid hitting the pothole inasmuch as a truck was in the lane beside him.  Plaintiff recalled the incident occurred on February 9, 2011 at approximately 10:30 a.m.  Plaintiff seeks damages in the amount of $140.34, the cost of a new tire.   The filing fee was paid.

{¶2}   2) Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact the city of Cleveland and not ODOT bears the maintenance responsibility for the roadway where plaintiff's incident occurred.  In support of the request to dismiss, ODOT stated, "[d]efendant has performed an investigation of this site and the City of Cleveland takes care of this section of Brookpark Road between Tiedeman Road and W. 130th Street."   ODOT further stated, "[a]s such this section of roadway is not within the maintenance jurisdiction of the defendant."   Consequently,

defendant contended the city of Cleveland is the proper party defendant to plaintiff's action. The site of the damage-causing incident was located in the city of Cleveland.

{¶3}    3)  Plaintiff did not file a response.

CONCLUSIONS OF LAW

{¶4}    Ohio Revised Code Section 5501.31 in pertinent part states:

{¶5}    "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director, but he may construct, reconstruct, widen, resurface, maintain, and repair the same with or without the cooperation of any municipal corporation, or with or without the cooperation of boards of county commissioners upon each municipal corporation consenting thereto."

{¶6}    The site of the damage-causing incident was not the maintenance jurisdiction of defendant.  Consequently, plaintiff's case is dismissed.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

EDWARD DULKA

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-02930-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Edward Dulka
3655 Janice Drive
Southington, Ohio 44470

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
5/12
Filed 6/17/11

Sent to S.C. reporter 9/21/11